ORIGINAL **FILED** ⁊

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APR 0 5 2005

U.S. DISTRICT COURT
FLINT, MICHIGAN

TAMARA MAYBOU,

         Plaintiff,

vs.

      Case No.: 04-CV-72395

      IION. NANCY G. EDMUNDS
      MAG. JUDGE WALLACE CAPEL, JR.

COMPANION LIFE INSURANCE COMPANY,
a foreign corporation,

         Defendant.

_____/

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Before the Court is "Defendant's Motion for Entry of Judgment," and "Plaintiff's Cross

Motion and Brief to Reverse the Administrator's Decision," both filed January 14, 2005. (See

Docket Entry Nos. 9 and 10.)

In February of 1998, Plaintiff's husband began full-time employment with Eagle Trailers,

Inc., and was offered life insurance coverage through Companion Life Insurance Company,

(hereinafter "Defendant").[1]   Plaintiff's last day of work was November 7, 2003, due to

---

[1]Plaintiff's Cross Motion and Brief to Reverse the Administrator's Decision filed January 14,
2005 (hereinafter "Plaintiff's Brief"), at page 2.

hospitalization for brain cancer.[2] On February 15, 2004, Plaintiff passed away.[3] On April 13, 2004, Defendant notified Eagle Trailers, Inc., that they were denying Plaintiff's claim for benefits.[4]

## II.   STANDARD OF REVIEW

The parties agree that the standard of review is whether the plan administrator's decision was arbitrary and capricious. Review under this standard is rather deferential. McDonald v. Western-Southern Life Ins. Co., 347 F.3d 161, 172 (6th Cir. 2003).

> "Under this deferential 'arbitrary and capricious' standard, we will uphold a benefit determination if it is 'rational in light of the plan's provisions.'" Univ. Hosps. of Cleveland v. Emerson Elec. Co., 202 F.3d 839, 846 (6th Cir. 2000) (quoting Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376, 381 (6th Cir. 1996)). The arbitrary-and-capricious standard, however, does not require us merely to rubber stamp the administrator's decision. McDonald, 347 F.3d at 172. Under the arbitrary-and-capricious standard, both the district court and this court must exercise review powers. Id.

Jones v. Metropolitan Life Ins. Co., 385 F.3d 654, 660-61 (6th Cir. 2004). Therefore, under this standard, the Court must find that there is some reasoning upon which the record is supported. See McDonald, 347 F.3d at 172 (citing Hackett v. Xerox Corp. Long-Term Disability Income Plan, 315 F.3d 771, 774-75 (7th Cir. 2003).

Plaintiff alleges that a stricter arbitrary and capricious standard should apply because there was a conflict of interest due to Defendant's dual role as both plan administrator and as issuer of the policy.[5] "Of course, if a benefit plan gives discretion to an administrator or fiduciary who is

---

[2]Joint Appendix of Exhibits, (hereinafter "JAE"), filed January 14, 2005, at CL 000049.

[3]JAE at CL 000018.

[4]JAE at CL 000002-000003.

[5]Plaintiff's Brief at pages 3-4.

operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.' Restatement (Second) of Trusts § 187, Comment *d* (1959)." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 957 (1989), as Plaintiff points out. However, there is no evidence in the record, nor presented by Plaintiff, to support that this alleged conflict of interest in any way affected the determination of benefits. See Carr v. Reliance Standard Life Ins. Co., 363 F.3d 604, 606 (6th Cir. 2004) (citing Peruzzi v. Summa Med. Plan, 137 F.3d 431, 433 (6th Cir. 1998)).

## III.   DISCUSSION

Plaintiff essentially argues that her husband was an employee at the time of his death and never terminated.[6] However, the policy provided by Defendant clearly requires that an employee be an active and full-time employee in order to recover life insurance proceeds.[7] "When interpreting ERISA plan provisions, general principles of contract law dictate that we interpret the provisions according to their plain meaning in an ordinary and popular sense." Williams v. International Paper Co., 227 F.3d 706, 711 (6th Cir. 2000). The policy states that

> "Active, Full-Time Employee" means an employee who performs all of the duties of his or her job with the Policyholder. This job may be at either:
> 1.   the Policyholder's normal place of employment; or
> 2.   at some other place to which the regular business operations of the Policyholder require that person to go.
> "Full-time", means an employee must be:
> 1.   scheduled to work for the Policyholder at least 32 hours each week; and
> 2.   on the regular payroll of the Policyholder for that work.
> "Active work" is work performed as an active, full-time employee.

---

[6]Plaintiff's Brief at pages 5-7.

[7]JAE at CL 000041.

3

"Actively at work" means being engaged at active work.[8]

Therefore, the fact that Plaintiff's husband was not terminated does not entitle her to benefits because he was not "actively at work," nor was he employed "full-time." The last date of full-time employment was on November 7, 2003, as stated on the "Claimant's/Beneficiary's Certification" form signed by Plaintiff. [9] Plaintiff presents no evidence that her husband was working thirty-two hours a week or on the payroll as required by the language of the policy; rather, she asserts that he no longer worked at all after November 7, 2003, as stated on the aforementioned form.

Plaintiff alleges that her husband's only options were to keep working to maintain benefits or to stop working and lose coverage.[10] However, as Defendant points out, the policy did allow for conversion to an individual policy in the event that the insured no longer has coverage.[11] Such an application for conversion must be made within thirty-one days following loss of eligibility.[12] Nevertheless, Plaintiff presents no evidence that the right to convert was ever exercised.

The Court also should note that the policy allows for continuation of coverage in the event of total disability, but only before the age of sixty.[13] Plaintiff's husband was sixty-four at the time of his unfortunate death. Based upon the Court's deferential review, the undersigned concludes that

---

[8]JAE at CL 000022.

[9]JAE at CL 000049.  Defendant's Motion for Entry of Judgment filed January 14, 2005, (hereinafter "Defendant's Brief"), at page 11.

[10]Plaintiff's Brief at page 6.

[11]JAE at CL 000025.

[12]Id.

[13]JAE at CL 000024.

4

the reasons given for the denial of Plaintiff's claim was supported by the administrative record and not arbitrary and capricious.

Lastly, Defendant asks for attorney's fees because Plaintiff's claim was in bad faith and without merit.[14] As Defendant points out, the factors in determining a fee award are:

> (1) the degree of the opposing party's culpability or bad faith;
> (2) the opposing party's ability to satisfy an award of attorney's fees;
> (3) the deterrent effect of an award on other persons under similar circumstances;
> (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and
> (5) the relative merits of the parties' positions.

Maurer v. Joy Technologies, Inc., 212 F.3d 907, 919 (6th Cir. 2000) (citation omitted). In weighing the evidence in this case, the Court does not find that Plaintiff acted in bad faith, nor that culpability exists. Rather, Plaintiff believed that her husband's leave from work to receive treatment was not "termination" from employment sufficient to end his life insurance coverage.[15] It appears that Plaintiff's interpretation was that since her husband was not fired or "let go" due to his illness, he was still a full-time employee of Eagle Trailers, Inc.[16] Additionally, Plaintiff's ability to satisfy an award of attorney's fees is not known, but given the death of her husband and associated costs, it is

_____

[14]Defendant's Brief at pages 12-13.

[15]See Plaintiff's Brief at page 5.

[16]Further, the denial letter of April 13, 2004, (JAE at CL 000002), refers to page 3.1 of the policy, which discusses the effect of "termination of employment" upon benefits. JAE at CL 000024. This provision has no application here because Plaintiff's husband was clearly not terminated in this case. Plaintiff mentions this provision in the beginning of her argument in her brief. This was also discussed at the hearing and confusion over same is evidenced by the Court's questions regarding which provision of page 3.1 was relied upon by Defendant in the denial letter. Therefore, both the Defendant's reference to this provision and Plaintiff's subsequent reliance further negate any bad faith argument.

5

assumed that Plaintiff is not in the best position to do so. Although, Defendant alleges that an award would deter similar claims,[17] given the lack of bad faith on the part of the Plaintiff, this is not necessarily true. Further, there appears to be no significant ERISA issue which is resolved by the present case. Therefore, an award of attorney's fees would not be proper here.

## IV.    CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendant's Motion for Entry of Judgment be **GRANTED**, Defendant's Motion for Attorney's Fees be **DENIED**, and Plaintiff's Cross Motion to Reverse the Administrator's Decision be **DENIED**.

Pursuant to Fed. R.Civ.P 72(b) and 28 U.S.C. sec 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of the recommendation they may serve and filed specific, written objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of the further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F2d 947 (6th.Cir. 1981). In accordance with the provisions of Fed. R.Civ.P.6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.

Dated:___**APR 0 5 2005**

_____

WALLACE CAPEL JR.
UNITED STATES MAGISTRATE JUDGE

---

[17]Defendant's Brief at page 13.

# ORIGINAL

## CERTIFICATION OF SERVICE

# FILED

**APR 0 5 2005**

U.S. DISTRICT COURT
FLINT, MICHIGAN

UNITED STATES OF AMERICA )

)  ss     Case No.: 04-CV-72395–DT

EASTERN DISTRICT OF MICHIGAN   )

I, the undersigned, hereby certify that I have on the <u>5th</u> day of <u>April 2005</u>, mailed a

copy of the "<u>Report and Recommendation</u>," in the foregoing cause, pursuant to Rule 77(Davenport),

Fed.R.Civ.P., to the following:

Honorable Nancy G. Edmunds
United States District Judge
231 W. Lafayette, Room 211
Detroit, Michigan 48226

Dean Koulouras
13407 Farmington Road
Suite 102
Livonia, Michigan 48150

Kimberly J. Bull
38535 Woodward
Suite 2000
Bloomfield Hills, Michigan 48304

Marsha Heinonen
Deputy Clerk